# STATE EX REL. WINTER-TRUESDALE-AMES COMPANY v. DISTRICT COURT OF COTTONWOOD COUNTY AND ANOTHER.[1]

November 19, 1920.

No. 22,180.

**Change of venue — writ of mandamus discharged.**

Relator brought suit in North Dakota against plaintiff and one Krueger

[1]Reported in 179 N. W. 677.

upon a guaranty. Krueger answered. ' Plaintiff then brought suit in Cottonwood county district court to restrain the prosecution of the North Dakota suit and joined Krueger as defendant. He answered in this suit. The court below denied relator's motion to transfer the latter suit to Hennepin county on the ground that Krueger was a proper party defendant and was made such in good faith, and not to prevent a change of venue. Relator then brought mandamus to compel the transfer of the injunction suit to Hennepin county, where is located its principal place of business. *Held*: The court below reached the right conclusion and the writ is discharged. [Reporter.]

Upon the relation of Winter-Truesdale-Ames Company the supreme court granted its alternative writ of mandamus directed to the district court of Cottonwood county and the Honorable' L. S. Nelson, judge thereof, commanding that the place of trial of the action be changed to Hennepin county. Writ discharged.

*Louis A. Hubachek* and *George S. Grimes*, for relator.

*Moonan & Moonan* and *Henry M. Gallagher*, for respondent. ·

PER CURIAM.

Mandamus to change the place of trial to Hennepin county where is located the principal place of business of relator, a domestic corporation, on the ground that the plaintiff in the action, for the purpose of retaining the same for trial in Cottonwood county, made one Kurt Krueger, a resident of that county, a party defendant with relator, but that said Krueger has now no interest in the case and is only a nominal party. The respondent, the court below, returns that relator's motion to transfer was denied because it appeared that Kurt Krueger was a necessary and proper party defendant and was made a defendant in good faith and not for the purpose of preventing a change of venue.

The plaintiff's action is to enjoin the prosecution of an action against her and Kurt Krueger upon a guaranty, brought by relator as plaintiff in a court in North Dakota. From the return herein it appears that Kurt Krueger has interposed an answer in the North Dakota suit. He has also answered in the action involved in this proceeding. From the pleadings and affidavits made part of the return we think the court below reached the correct conclusion, and the alternative writ issued herein should be and hereby is discharged.